**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTs**

| | |
|---|---|
| DAVID TOM, individually and on behalf of all others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : <br> : <br> : |
| Plaintiff, | |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| PREMIER HOME SOLUTIONS, LLC | : **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : <br> : <br> : |

Plaintiff DAVID TOM (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff David Tom is an individual located in the Middle District of Florida, in Brevard County.

7. Defendant Premier Home Solutions, LLC, which does business under the names "Premier Solar" is a Danvers, Massachusetts, company that sells solar panels and water purification systems.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has general personal jurisdiction over Premier because it has its principal place of business in this State.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the only Defendant is a resident of this state.

## TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Plaintiff Tom is also a "person" as the term is defined by 47 U.S.C. § 153(39).

18. At no point has the Plaintiff consented to receive telemarketing calls from the Defendant regarding the sale of goods or services, including solar services, prior to receiving the automated calls at issue.

<u>Calls to Plaintiff</u>

19. Mr. Tom's residential telephone number has a 321 area code.

20. That telephone number is a residential telephone line used by Mr. Tom for personal calls and for personal, family, and household use.

21. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

22. That telephone number is not associated with a business.

23. Mr. Tom registered his residential telephone number on the National Do Not Call Registry for more than a year prior to the calls at issue, and it has remained on the Registry since that time.

24. Despite that, Mr. Tom received at least 3 calls from the Defendant.

25. The first call came in on September 18, 2024, from the caller ID 781-362-0494.

26. The caller stated that he was from "Premier Solar" and calling about the Massachusetts Energy Program whereby the Plaintiff could purchase discounted solar panels.

27. When this number is called back, this rings to the voicemail for "Extension 5" at the Defendant.

28. The Plaintiff does not live in Massachusetts.

29. The Plaintiff does not own property in Massachusetts.

30. Despite this fact, the Plaintiff received another call from the Defendant on October 8, 2024, from the nearly identical caller ID 781-362-0095. This individual stated that his name was "Luca" and was calling again from "Premier Solar" regarding the Massachusetts Energy Program and tried to sell the Plaintiff solar panels.

31. When this number is called back, this also rings to the voicemail for "Extension 5" at the Defendant.

32. Because the Plaintiff wanted to ascertain the identity of the entity calling him illegally and for no other reason, the Plaintiff played along with the telemarketing script.

33. During the call, "Luca" stated that the Plaintiff would get a call from a solar engineer.

34. Thereafter, the following day, the Plaintiff received a call from a solar engineer.

35. This solar engineer confirmed the Defendant's identity and the previous calls placed to the Plaintiff.

36. The Plaintiff nevertheless continued to receive calls, including one on October 10, 2024 from the caller ID 781-343-8607. This individual stated that his name was "Pierre" and was calling again from "Premier Solar" regarding the Massachusetts Energy Program and tried to sell the Plaintiff solar panels.

37. When this number is called back, this also rings to the voicemail for "Extension 5" at the Defendant.

38. Plaintiff never consented to receive calls from Defendant.

39. Plaintiff never did business with the Defendant.

40. Based on the foregoing, it is evident that Defendant mass-dials calls indiscriminately, including to numbers on the Do Not Call Registry.

41. Plaintiff's privacy has been violated by the above-described telemarketing calls.

42. Plaintiff never provided his consent or requested these calls.

43. The aforementioned calls to the Plaintiff were unwanted.

44. The calls were non-consensual encounters.

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

47. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

48. Plaintiff is a member of the class.

49. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

52. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

54. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant systematically called numbers on the National Do Not Call Registry;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

57. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

58. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

60. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class

61. Plaintiff incorporates the allegations in paragraphs 1-58 as if fully set forth herein.

62.   The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

63.   The Defendant's violations were negligent, willful, or knowing.

64.   As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.   Injunctive relief prohibiting Defendant from calling telephone numbers advertising goods or services, except for emergency purposes, in the future;

B.   That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.   Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: December 30, 2024

*/s/ Anthony I. Paronich*
Anthony I. Paronich,
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**