**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DAVID TOM, individually and on behalf of all others similarly situated, <br><br> Plaintiff / Counterclaim-Defendant, <br><br> v. <br><br> PREMIER HOME SOLUTIONS, LLC, <br><br> Defendant / Counterclaim-Plaintiff. | C.A. No. 24-cv-13195-WGY <br><br> **ANSWER TO COMPLAINT AND COUNTERCLAIM** |

**ANSWER TO COMPLAINT, COUNTERCLAIM AND JURY TRIAL DEMAND OF PREMIER SOLAR LLC, IMPROPERLY NAMED AS PREMIER HOME SOLUTIONS, LLC**

**ANSWER TO COMPLAINT**

Premier Solar LLC ("Premier"), improperly named as Premier Home Solutions, LLC, hereby responds to the Complaint of Plaintiff David Tom ("Plaintiff" or "Tom") as follows:

**NATURE OF ACTION**

1. The allegations in this paragraph quote from a document, which speaks for itself, and contain legal conclusions and legal argument to which no response is required. To the extent the Court requires any further response, denied.

2. The allegations in this paragraph quote from a document, which speaks for itself, and contain legal conclusions and legal argument to which no response is required. To the extent the Court requires any further response, denied.

3. Denied.

4. Denied.

5. Denied.

1

## **PARTIES**

6. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

7. Denied.

## **JURISDICTION AND VENUE**

8. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

9. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

10. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

## **TCPA BACKGROUND**

The Enactment of the TCPA and its Regulations

11. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

12. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

13. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

14. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

15. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

**FACTUAL ALLEGATIONS**

16. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

17. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

18. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

Calls to Plaintiff

19. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

20. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

21. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

22. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

23. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

24. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

25. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

26. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

27. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

28. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied/

29. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

30. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

31. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

32. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

33. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

34. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

35. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

36. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

37. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

38. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

39. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

40. Denied.

41. Denied.

42. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

43. Premier lacks information sufficient to admit or deny the allegations in this paragraph. To the extent the Court requires any further response, denied.

44. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

45. Denied.

## **CLASS ACTION ALLEGATIONS**

46. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

47. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

48. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

49. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

50. Denied.

51. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

52. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

53. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

54. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

55. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

56. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

57. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

58. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

59. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

60. The allegations in this paragraph contain legal conclusions and legal argument to which no response is required. To the extent the Court requires a response, denied.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class

61. Premier incorporates by reference all other paragraphs of this Answer as if fully stated herein.

62. Denied.

63. Denied.

64. Denied.

## PREMIER'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to name a proper defendant.

2. Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's claim is barred because he has not suffered an injury from which he may recover.

3. Plaintiff does not have standing to assert the claims in his Complaint.

4. Plaintiff or members of the putative class, or both, provided prior consent or permission to receive the calls about which they complain.

5. Some or all of the claims alleged by Plaintiff and on behalf of the putative class members are barred because their alleged damages, if any, were caused solely by their own respective acts, wrongs, or omissions, by intervening causes, or by other persons or entities over whom Premier had no control and for which Premier is not responsible.

6. The damages suffered by Plaintiff and putative class members, if any, are due to the contributory fault of Plaintiff and the comparative or contributory fault of others. Any recovery should be reduced or barred in proportion to the degree or percentage of fault attributable to Plaintiff, putative class members, and other third parties responsible for the harm, if any, to Plaintiff and the putative class members.

7. To the extent the alleged injuries or causes of action arose prior to the applicable statutory periods, Plaintiff's claims and those of the putative class members are barred, in whole or in party, by applicable statutes of limitations or statutes or rules of repose.

8. Plaintiff's requested relief would be so punitive and disproportionate to the gravity of the violations alleged in the Complaint as to amount to a violation of Premier's right to due process.

9. Premier has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the Telephone Consumer Protection Act and related regulations.

10. Premier has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

11. Premier is not liable because the call or calls alleged were placed to a wireless number that has been ported from wireline service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service, provided the number is not already on the national do-not-call registry or caller's company-specific do-not-call list under 47 C.F.R. § 64.1200(a)(1)(iv).

12. Premier is not liable because the alleged calls were the result of error and, as part of Premier's routine business practice, it meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i) (written procedures, training, recording, and accessing national do-not-call registry).

13. Premier is not liable because it falls within the safe harbor provisions of 47 C.F.R. § 64.1200(m) (reassigned telephone numbers for which express consent had been obtained).

14. Plaintiff and the putative class members are barred from recovery because the telephone calls at issue were made with the caller's reasonable reliance upon Plaintiff's and the putative class members' consent to receive the calls at issue, and therefore the calls fall within the "one-call" safe harbor established by the Federal Communications Commission. *See In re: Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991,* 30 F.C.C. Rcd. 7961, 7971-72 (2015).

15. Plaintiff's and the putative class members' claims are barred because, to the extent they have suffered any damages, they have failed to mitigate such damages.

16. Plaintiff's claims are barred by the doctrine of unclean hands.

17. Plaintiff's claims are barred by the doctrine of estoppel and waiver.

18. Plaintiff's claims are barred because of his own fraud.

19. Some or all of Plaintiff's and the putative class members' claims are barred by the doctrine of laches.

20. Some or all of Plaintiff's and the putative class members' claims are barred by principles of equity because the equities here favor Premier.

21. Premier is not liable because it had an established business relationship with the Plaintiff and the putative class members.

22. Premier is not liable because the telephone numbers that were allegedly called were used for business and not residential or personal purposes.

23. Premier is not liable because the telephone numbers that were allegedly called were wireless telephone numbers.

## **RESERVATION OF RIGHTS**

Premier reserves the right to amend its Answer and to assert further Affirmative Defenses as they may become available during the course of this action.

## **COUNTERCLAIM**

1. Counterclaim-Defendant, David Tom ("Counterclaim-Defendant"), deliberately solicited telephone calls concerning solar panel services by fraudulently misrepresenting his interest in receiving such services while fraudulently using a third person's identity without permission. Counterclaim-Defendant did this for the sole and express purpose of manufacturing this sham lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. In fact, Counterclaim-Defendant is a serial TCPA litigant who has filed at least fourteen other TCPA lawsuits.

2. Counterclaim-Defendant's fraud has caused actual harm to Counterclaim-Plaintiff Premier Solar LLC ("Premier"), whose time and resources were wasted in handling the telephone calls that arose out of Counterclaim-Defendant's fraudulent solicitation of services that he in fact had no interest in. Counterclaim-Defendant's fraud has also caused actual harm to Premier in the form of attorneys' fees and costs to defend this frivolous lawsuit.

3. Counterclaim-Defendant must be held accountable for harming Premier with his fraudulent conduct.

## **Parties**

4. Counterclaim-Plaintiff Premier Solar LLC is a Massachusetts limited liability company with a principal place of business located at 99 Rosewood Drive, Danvers, Massachusetts.

5.      On information and belief, Counterclaim-Defendant David Tom is an individual who resides at 1058 Herne Avenue, Palm Bay, Florida.

## Jurisdiction and Venue

6.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because Premier and Counterclaim-Defendant are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a), because the Counterclaim is part of the same case or controversy as Counterclaim-Defendant's claims under the TCPA, which are within this Court's original subject matter jurisdiction.

## Factual Allegations

7.      Premier is a business located in Massachusetts that provides solar power related services to help reduce bills and boost sustainability.

8.      Premier maintains Call Log Reports for potential customers. A true and accurate copy of the Call Log Report for a potential customer named Andrew Tom (not the Counterclaim-Defendant whose name is *David* Tom) is attached hereto at **Exhibit A**.

9.      The Call Log Report indicates that Andrew Tom has a telephone number of 321-XXX-XX12 and an address of 107 Warren Avenue, Milton, Massachusetts.

10.     On September 18, 2024, a Premier representative intended to call Andrew Tom (not Counterclaim-Defendant), who Premier understood resided at 107 Warren Avenue, Milton, Massachusetts.

11.     On information and belief, Counterclaim-Defendant answered the telephone, falsely confirmed that he was Andrew Tom and that he owned the property located at 107 Warren Avenue, engaged with the Premier representative implying that he was interested in

Premier's services, and did not indicate that Premier should stop calling him and/or consented to receiving a call back from a Premier representative.

12. However, Counterclaim-Defendant is not Andrew Tom, does not reside in Massachusetts (he resides in Florida), does not own real estate property in Massachusetts, and was not interested in purchasing Premier's services. Premier does not provide services in Florida.

13. On information and belief, Counterclaim-Defendant used Andrew Tom's identity and contact information without his permission, and falsely represented that he was interested in Premier's services and that he wanted to speak further with Premier about those services to fraudulently solicit future telephone calls from Premier. Counterclaim-Defendant engaged in this deliberate effort to cause Premier to place additional telephone calls to him to manufacture an alleged TCPA violation.

14. To further perpetrate his fraud, approximately 38 minutes after the initial call, on information and belief the Counterclaim-Defendant called Premier back. He did not correct his prior misrepresentations, engaged with the Premier representative, indicated or implied that he was interested in Premier's services, and did not indicate that Premier should stop calling him and/or consented to receiving a call back from a Premier representative.

15. On information and belief, on October 8, 2024, a Premier representative called Counterclaim-Defendant back. The Counterclaim-Defendant answered, said Andrew Tom was not there, and did not indicate that Premier should stop calling him and/or consented to receiving another call from a Premier representative.

16. On information and belief, on October 10, 2024, a Premier representative called the Counterclaim-Defendant back. After that call, Premier placed the Counterclaim-Defendant on its internal Do Not Call list.

12

17. On information and belief, on October 16, 2024, the Counterclaim-Defendant called Premier back.

18. Thus, as a result of Counterclaim-Defendant's fraudulent misrepresentations alleged above, the Counterclaim-Defendant solicited calls from Premier and induced Premier to call him after the initial call on September 18, 2024.

19. A little more than two months later, Counterclaim-Defendant filed this frivolous TCPA lawsuit as a putative class action seeking damages for telephone calls that he solicited, asked to receive, and/or consented to receiving.

20. Counterclaim-Defendant is no stranger to TCPA litigation. He has filed at least fourteen other TCPA lawsuits, at least three of which with the same counsel who represents him in this action:

   a. *Tom v. Forbes & York Insurance LLC et al*, 2024-cv-01208 (Colorado District Court) (with Anthony I. Paronich as counsel);

   b. *Tom v. Ellington Service Corporation, et al*, 2024-cv-01859 (Florida Middle District Court);

   c. *Tom v. Modern Concepts Construction LLC*, 2022-cv-01644 (Florida Middle District Court);

   d. *Tom v. Atlantic Partners Realty Brevard, LLC et al*, 2022-cv-02217 (Florida Middle District Court);

   e. *Tom v. Kloze Mortgage Corp. et al*, 2022-cv-02218 (Florida Middle District Court);

   f. *Tom v. Lead Genesis Partners, LLC*, 2024-cv-00417 (Florida Middle District Court);

g. *Tom v. 7th Ace, LLC*, 2024-cv-00761 (Florida Middle District Court);

h. *Tom v. Thomas Roofing and Repair Inc.*, 2024-cv-01037 (Florida Middle District Court);

i. *Tom v. Forbes & York Insurance LLC et al*, 2024-cv-01320 (Florida Middle District Court) (with Anthony I. Paronich as counsel);

j. *Tom v. US Solar Quotes LLC*, 2024-cv-01647 (Florida Middle District Court);

k. *Tom, et al v. GSS Inc, et al*, 1995-cv-01894 (Louisiana Eastern District Court);

l. *Tom v. Local Search Group LLC*, 2024-cv-02887 (Texas Southern District Court);

m. *Tom v. Transportation Media, Inc.*, 2022-cv-01296 (Texas Western District Court); and

n. *Tom v. Consider Solar, LLC*, 2024-cv-01100 (Virginia Eastern District Court) (with Anthony I. Paronich as counsel).

21. In sum, Counterclaim-Defendant used an innocent third party's identity and made misrepresentations to fraudulently induce Premier into placing telephone calls to the Counterclaim-Defendant so that he could then file a sham TCPA lawsuit falsely alleging that he was called without his consent.

22. Counterclaim-Defendant's fraud has caused actual harm to Premier, whose time and resources were wasted in handling telephone calls that arose out of Counterclaim-Defendant's fraudulent solicitation of services that he in fact had no interest in. Premier could have handled telephone calls with non-fraudulent potential customers at the time it was occupied handling Counterclaim-Defendant's fraudulent calls. Counterclaim-Defendant not only wasted Premier's time and resources, but he then sued Premier for violation of the TCPA, causing it to incur legal fees and costs associated with defending this frivolous lawsuit.

## COUNT I
### Fraud

23. Premier repeats and realleges the foregoing allegations as if fully set forth herein.

24. Counterclaim-Defendant knowingly made the following false representations of fact: (1) his name was Andrew Tom; (2) he owned a property located at an address in Milton, Massachusetts; (3) he was interested in Premier's services; and (4) he was okay with Premier calling him back.

25. Counterclaim-Defendant intended, or had reason to expect, that his false statements would influence Premier by causing it to call Counterclaim-Defendant in response to his false statements.

26. Premier justifiably relied on Counterclaim-Defendant's misrepresentations.

27. Counterclaim-Defendant's fraud has caused actual harm to Premier, whose time and resources were wasted in handling the telephone calls that arose from Counterclaim-Defendant's fraudulent statements.

28. Counterclaim-Defendant's fraud also caused actual harm to Premier in the form of attorneys' fees and costs to defend this frivolous lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Premier respectfully requests that the Court:

a. Enter judgment in favor of Premier and against Plaintiff on all counts and causes of action alleged in the Complaint and Counterclaim;

b. Dismiss the Complaint in its entirety with prejudice;

c. Award Premier damages in an amount to be determined at trial; and

d. Award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Premier demands a jury trial on all claims and issues so triable.

> Respectfully submitted,
>
> PREMIER SOLAR LLC, improperly named as PREMIER HOME SOLUTIONS, LLC,
>
> By its attorneys,
>
> */s/ Ian Pinta*
> Joseph M. Cacace (BBO No. 672298)
> Ian J. Pinta (BBO No. 667812)
> TODD & WELD LLP
> One Federal Street
> Boston, MA 02110
> 617-720-2626
> jcacace@toddweld.com
> ipinta@toddweld.com

Dated: April 3, 2025

## CERTIFICATE OF SERVICE

I, Ian J. Pinta, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

> */s/ Ian J. Pinta*
> Ian J. Pinta

Date: April 3, 2025